United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDERSON SILVA, et al.,
Plaintiffs,
v.
HALEON US INC., et al.,
Defendants.

Case No. 24-cv-04059-TLT

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF 13

On July 3, 2024, Plaintiffs Anderson Silva and Grace Jones filed a class action complaint against Defendants Haleon US Holdings LLC and Haleon US Inc. Plaintiffs claim that Defendants manufacture toothpaste (Sensodyne Pronamel) that is marketed to consumers with sensitive teeth and thinning enamel. Plaintiffs aver that Defendants have knowingly misled countless consumers. Specifically, Plaintiffs state Defendants deceptively represent that the Products "Rebuild[]," "Restore[]," and "Repair" tooth enamel—*i.e.*, that the products purport to reverse enamel loss. Plaintiffs claim that the plain meaning of these terms plausibly leads reasonable consumers to believe that the Products bring back and restore lost enamel. Plaintiffs argue these statements are false because once enamel is lost or damaged, it cannot be rebuilt, restored, or repaired with fluoride toothpaste.

Before the Court is Defendants' motion to dismiss the complaint. ECF 13. In their motion, Defendants state the plain language of the front and the side labeling clearly convey that the Products have positive effects on existing enamel and not on the enamel that is lost. As a result, Defendants contend, there is no misrepresentation of the Products ability. Defendants also argue that Plaintiffs' claims are preempted under the Federal Food, Drug, and Cosmetic Act ("FDCA").

For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

### A. Facts & Procedural History

Plaintiffs Silva and Jones filed suit against Defendants on July 3, 2024 claiming that Defendants deceptively, unlawfully, and unfairly marketed and sold them toothpaste. ECF 1. Plaintiff Anderson Silva is a resident of San Francisco, California. *Id.* ¶ 9. Plaintiff Grace Jones is a resident of San Diego, California. *Id.* ¶ 9.

Defendant Haleon US Holdings LLC (f/k/a GlaxoSmithKline Consumer Healthcare Holdings (US) LLC) is a corporation existing under the laws of Delaware, with its principal place of business in New Jersey and registered to do business in California. *Id.* at 3-4. Defendant Haleon US Inc. (f/k/a GSK Consumer Health, Inc.) is a corporation existing under the laws of Delaware, having its principal place of business in New Jersey, and registered to do business in California. *Id.* at 4.

Defendants manufacture and sell various toothpaste and oral care products under the Sensodyne brand name, including the "Pronamel" line of toothpaste formulated for those with sensitive teeth or weakened tooth enamel. *Id.* at 2. The Products are thus marketed to consumers with sensitive teeth and thinning enamel. The active ingredient in the Products is sodium fluoride.

The labeling on the Products states that the Products "Rebuild," "Restore," and "Repair" enamel. *Id.* at 2. However, Plaintiffs allege that enamel is incapable of being brought back. Plaintiffs claim that once tooth enamel is lost, it cannot be restored, repaired, or rebuilt with fluoride. Plaintiffs bring their claims for relief based on these alleged misrepresentations claiming that the Anticaries Monography is violated.

> Some over-the-counter drugs are subject to FDA "monographs," which are detailed regulations that establish "conditions under which OTC (over-the-counter) drugs are generally recognized as safe and effective and not misbranded." 21 C.F.R. § 330.10. Monographs "provide[] the FDA-approved active ingredients for a given therapeutic class of OTC drugs and sets forth the conditions under which each active ingredient is [generally regarded as safe and effective]." Here, the Products are subject to the Final Monograph for Anticaries Drug Products for Over-the-Counter Use ("Anticaries"), 21 C.F.R. Part 355, which covers the product's disease claim of helping "prevent cavities".
>
> *See* ECF No. 13, at 32.

Regarding labeling claims falling under the Anticaries Monograph, *see* § 355.50 (Labeling

of anticaries drug products), the FDA has evaluated claims of "Restores" and "Rebuilds" in the context of the effect of oral care products on tooth enamel. The evaluations did not indicate that the use of these terms was misleading or violated the Anticaries Monograph's requirements. *See* Sept. 27, 2010 Warning Letter NWE-20-10W; September 27, 2010 Warning Letter CHI-10-10. Both Warning Letters found that the products at issue were governed by the Anticaries Monograph.

The parties do not disagree that the Products relieve tooth sensitivity, protect enamel from loss and help "harden and strengthen" weakened tooth enamel through a process called remineralization. *Id.* ¶ 39; *id.* ¶ 46 ("minerals . . . naturally fill the voids of the crystalline enamel structure [to] harden and strengthen enamel"); *id.* ¶ 47 ("[f]louride helps naturally occurring minerals . . . bind to the enamel structure, which hardens existing enamel and makes it less prone to erosion"). Nonetheless, Plaintiffs argue that Defendants' marketing and advertisement claims violate the FDCA's misbranding provision. Plaintiffs claim that the Products are misbranded because they meet the standard that the "labeling is false or misleading in any particular." 21 U.S.C. § 352; Cal. Health & Safety Code § 110111.

Plaintiffs bring five causes of action: (1) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§1750 *et seq* ("CLRA"); (2) False Advertising, Business and Professions Code § 17500 *et seq* ("FAL"); (3) Fraud, Deceit and/or Misrepresentation; (4) Unlawful, unfair, and fraudulent trade practices in violation of Cal. Bus. & Prof. Code § 1200 *et seq*.; and (5) Unjust Enrichment.

Defendants move to dismiss on the grounds that the claims are preempted by federal law, and on the grounds that the claims fail to allege a misleading, false, or inaccurate statement. ECF 13.

**B. Request for Judicial Notice**

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Alternatively, the Court may "consider materials that are submitted with and attached to

the Complaint. [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Coll.*, 655 F.3d 984, 999 (9th Cir. 2011); *see also In re Diamond Foods, Inc. Sec. Litig.*, No. 11–cv-05386 WHA, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012) ("Under the incorporation by reference doctrine, a court may also consider documents submitted by defendants that were referenced in the complaint and whose authenticity has not been questioned.").

If the facts contained in any of the exhibits are subject to reasonable dispute, the Court will not take judicial notice of those facts. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F. 3d 988, 999 (9th Cir. 2018).

Both parties have requested the Court take judicial notice of exhibits. However, neither party filed a declaration in support of their requests. Nonetheless, the Court may *sua sponte* take judicial notice of the documents regardless of whether the parties complied with the formalities under the Civil Local Rules. *See* Fed. R. Evid. 201 ("The court may take judicial notice on its own" and may do so "at any stage of the proceeding"); *see also Saucillo v. Mares*, No. 22-55560, 2023 WL 3407092, at *1 (9th Cir. May 12, 2023).

Plaintiffs request that the Court take judicial notice of an FDA Warning Letter (10-NWJ-17) to Johnson & Johnson Consumer Products, Inc. dated September 27, 2010. ECF 33. The letter was posted on the FDA.gov website and is currently available through archive.org. Here, the FRE 201 standard is met for this letter because its "accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Moreover, the Court may take judicial notice of this letter since it is information on a public website. *See Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) (granting request for judicial notice of information from defendant's website and observing that "[p]ublicly accessible websites…are proper subjects of judicial notice") (citation and internal quotation marks omitted); *Kang v. PayPal Holdings, Inc.*, 620 F.Supp.3d 884, 895-96 (N.D. Cal. 2022) (granting request for judicial notice of information on websites); *Diep v. Apple, Inc.*, No. 21-cv-10063-PJH, 2022 WL 4021776, at *2-3 (N.D. Cal. Sep. 2, 2022) (granting request for judicial notice of publicly available documents).

United States District Court
Northern District of California

Additionally, Defendants attached two other FDA Warning Letters to their Motion to Dismiss: NWE-20-10W to CVS Corporation dated September 27, 2010 (ECF 13, at 32) and CHI-10-10 to Walgreen Company dated September 27, 2010 (ECF 13, at 36). These letters also appear to be posted on the FDA.gov website. Therefore, the requirements under Fed. R. Evid. 201(b)(2) are met for these two letters as well.

Given the above, the Court takes notice of these three FDA Warning Letters.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## III. DISCUSSION

### A. Plaintiffs' Claims Are Preempted by the Federal Law.

State law claims are preempted when they would have the effect of creating a labeling requirement that is "different from," "in addition to," or "otherwise not identical with" the FDCA and the Anticaries Monograph. ECF 13, at 22-26 (citing 21 U.S.C. § 379r(a)).

> Some over-the-counter drugs are subject to FDA "monographs," which are detailed regulations that establish "conditions under which OTC (over-the-counter) drugs are generally recognized as safe and effective and not misbranded." 21 C.F.R. § 330.10. Monographs "provide[] the FDA-approved active ingredients for a given therapeutic class of OTC drugs and sets forth the conditions under which each active ingredient is [generally regarded as safe and effective]." Here, the Products are subject to the Final Monograph for Anticaries Drug Products for Over-the-Counter Use ("Anticaries"), 21 C.F.R. Part 355, which covers the product's disease claim of helping "prevent cavities".

*See* ECF No. 13, at 32.

A state requirement is "not identical" to federal law if it "directly or indirectly" imposes labeling requirements that (a) are "not imposed by or contained in the applicable [federal] provision (including any implementation regulation)" or (b) "[d]iffer from those specifically imposed or contained in the applicable provision." 21 C.F.R. 100.1(c)(4) (interpreting similar preemption provision for food labels). ECF 13, at 21.

Plaintiffs argue that the focus should be on "whether the challenged statements are *authorized* by the FDA's regulation or other pronouncements of similar legal effect." ECF 23, at 21 (citing *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015)) (emphasis added). In other words, if the FDA's regulation or other pronouncement does not prohibit certain language, Plaintiffs' position is that the language can be later prohibited through state law consumer protection claims based on allegations of fraud, deceit and/or misrepresentation.

With respect to the labeling of over-the-counter ("OTC") drugs, "the whole point of section 379r is that it is not up to private litigants—or judges—to decide what is 'false or misleading.' It is up to the FDA." *Eckler v. Neutrogena Corp.*, 238 Cal. App. 4th 433, 454 (Cal. Ct. App. 2015). "State suits seeking to require product labels inconsistent with the federal objective of national uniformity, are preempted." *Id.* at 455. *Eckler* explains how this arises, when "states may compel compliance with a federal requirement before the federal agency requires" which can cause a "conflict [that] Congress meant to avoid." *Id.* at 457. "[T]he 'touchstone of preemption under § 379r is the *effect* that a finding of liability on a particular claim would have on the Defendants…As long as that claim imposes a 'requirement' that is at variance with FDA regulations, it is preempted.'" *Id.*

The court in *Eckler*, citing *Carter v. Novartis Consumer Health, Inc.* 582 F.Supp.2d 1271, 1276 (C.D. Cal. 2008), held that courts should avoid engaging in their own rulemaking when the agency's work is in progress. *Eckler* further held that other federal cases applying 21 U.S.C. § 379r "have considered the preemptive effect of [this section] with respect to different nonprescription drug products" and follow *Carter*.

Here, Defendants contend that Plaintiffs seek to impose a requirement under state law that the Products' labels must not contain the claims "Repair," "Rebuild," or "Restore." ECF 13, at 9.

But no FDA requirement prohibits these claims. Plus, the FDA has determined that the fluoride in the Products enhances remineralization, which is what the labeling shows. *Id.* at 9-10. The FDA Warning letters further show the agency has worked on the issue of labeling on products, like the Products at issue in this case. *See* Sept. 27, 2010 Warning Letter NEW-20-10W; Sept. 27, 2010 Warning Letter CHI-10-10. Both warning letters found that the products were governed by the Anticaries Monograph because they contained sodium fluoride as the active ingredient. *Id.* The letters reflect that the FDA is aware of and considered substantively similar enamel claims to those at issue here.

Defendants thus argue that Plaintiffs' state claims are preempted because they challenge the use of terminology for claims addressed by the FDA already. *Id.* at 10. The Plaintiffs' claims would have the effect of creating a labeling requirement that is "different from," "in addition to," or "otherwise not identical with" the FDCA and the Anticaries Monograph. ECF 13, at 22-26 (citing 21 U.S.C. § 379r(a)).

**Defendants Argue *Wiltz* Supports Preemption.**

Defendants cite *Wiltz v. Chattem, Inc.*, No. 15-cv-1352-MLR, 2015 WL 3862368 (C.D. Cal. May 8, 2015) in support of their argument. In *Wiltz*, the plaintiff alleged that defendants' oral care product was misbranded because its label included the claim "Rebuilds Tooth Enamel." 2015 WL 386238, at *1. The court stated that "[i]n the context of OTC drugs, the FDCA expressly preempts state law labeling requirements that are 'different from,' 'addition[al] to,' or 'otherwise not identical with' federal labeling requirements." *Id.* (citing Title 21 U.S.C. §379r(a)(2) (brackets in original)). The court dismissed plaintiff's claim with prejudice because there was an "express federal regulation of dental hygiene products that does not encompass a finding that 'Rebuilds Tooth Enamel' is misleading." *Wiltz*, 2015 WL 3862368, at *2 ("Plaintiff's claim is preempted by the FDCA and her Complaint must be dismissed.").

In evaluating Plaintiffs' contrary claims about sodium fluoride's effect and the propriety of "Rebuilds," "Restores," and "Repairs" on the Products' label, a trial court and jury would need to second-guess the FDA's scientific assessment of the evidence concerning sodium fluoride's effects on enamel and the requirements it established for OTC Anticaries Drugs. ECF 13, at 10.

Defendants reason that this is exactly the result that Congress prohibited through the FDCA's preemption provision. Therefore, Defendants urge the Court to dismiss the Complaint on the grounds Plaintiffs' claims are preempted. *Id.*

**Defendants Argue *Bowling* Supports Preemption.**

Defendants also rely on *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 373 (S.D.N.Y. 2014) in support of their argument. In *Bowling*, the plaintiffs brought putative class claims under various state statutes against the manufacturer of a line of mouthwashes. 65 F. Supp. 3d at 373. The plaintiffs alleged that the claim "Restores Enamel" on a mouthwash label was false and misleading because enamel loss is permanent and cannot be restored. *Id.* The court considered the same Anticaries Monograph, which the court noted was silent as to the phrase "Restores Enamel" and neither prohibited the challenged statement nor required any disclosure, explanation, or warning concerning enamel restoration. *Id.* The court held that plaintiffs' claims were preempted because they sought to impose requirements "not identical with" the FDA's requirements. *Id.* at 376.

The *Bowling* court reasoned that it was enough for preemption to apply when the monograph addressed tooth decay and enamel generally even though the monograph did not expressly permit the "Restores Enamel" label at issue. *Id.* The court explained that "[f]or plaintiffs to establish that their state law claims are not preempted, it is insufficient to show that the FDA has not permitted the label 'Restores Enamel.' *Id.* "Rather, plaintiffs would need to plead facts suggesting that the FDA has affirmatively ***prohibited*** the label." *Id.* (emphasis added). Otherwise, plaintiffs' state law causes of action would be, in effect, imposing a labeling requirement that is 'not identical with' labeling requirements under federal law." *Id.*

**Plaintiffs Argue the Monograph Does Not List Prohibited Phrases.**

Plaintiffs respond that *Wiltz* and *Bowling* do not change the analysis that any state claim premised on a false and or misleading label is identical to federal regulations and does not impose an additional or different labeling requirement. ECF 32, at 22. Plaintiffs explain that Defendants' use of the terms "restore" and "rebuild" on the Products suggest that the Products can reverse dental decay by bringing or putting back lost enamel, not simply prevent further dental decay. *Id.*

Plaintiffs continue to state that since manufacturers can make only "truthful and nonmisleading" statements on their labels, any state claim premised on a false and/or misleading label is identical to federal regulations and does not impose an additional or different labeling requirement. *Id.*

Plaintiffs argue that the reasoning in *Wiltz* was incorrect because the phrase "Rebuilds Tooth Enamel" was not expressly mentioned as a prohibited phrase by the monograph. ECF 32, at 23. Plaintiffs explain that this interpretation of the monograph would render it meaningless and that the monograph does not list any prohibited phrases. Instead, it just provides a complete list of authorized language, permits similar truthful and nonmisleading language that the Products prevent tooth decay or cavities, and prohibits all other language. ECF 32, at 23 (citing 21 C.F.R § 355.50(b).

Plaintiffs cite *Souter* to support its claim there should be no preemption because Plaintiffs' claims would just require Defendants to truthfully state its product's efficacy or not sell them at all. Plaintiffs argue, "such relief would not impose a state requirement that is different from or in addition to, or that is otherwise not identical with that of the FDCA". 542 F. Supp. 3d at 1097–98. The Court disagrees. Plaintiffs' claims would be effectively prohibiting the use of "restores" and "rebuilds" if the Court were to allow Plaintiffs' state claims to go forward.

In *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083, 1097–98 (S.D. Cal. 2021), the FDCA did not preempt consumers' false advertising claims regarding the efficacy of antibacterial handwipes when a tentative monograph regulating the handwipes existed. The Court explained that "Plaintiff's claims would simply require Defendants to truthfully state their products' efficacy or not sell its products; such relief would not impose a state requirement that is different from or in addition to, or that is otherwise not identical with that of the FDCA". *Id.*

**_Wiltz_ and _Bowling_ Support Preemption, and _Souter_ (along with the Dietary/Supplement Cases Cited By Plaintiff) Do Not Show Otherwise.**

The Court is persuaded by *Wiltz* and *Bowling* that Plaintiffs' state claims are preempted based on the analysis in those cases. For instance, there is an express federal regulation of dental hygiene products that does not encompass a finding that "Rebuilds Tooth Enamel" is misleading. *See Wiltz*, 2015 WL 3862368, at *2. Additionally, there is no prohibition of using the term

United States District Court
Northern District of California

"rebuilds" or "restores". Furthermore, a trial court and jury would need to question the FDA's scientific assessment of the evidence concerning sodium fluoride's effects on enamel and the requirements it established for OTC Anticaries Drugs. *See Wiltz*, 2015 WL 3862368, *10.

Plaintiffs cite numerous cases in response to Defendants' citation of *Wilitz* and *Bowling*. They cite *Davidson*, *Kroessler*, *Krommenhock*, and *Forett*. Yet those cases are food labeling cases and other cases (like dietary supplements) not governed by a monograph. *See Delarosa v. Boiron, Inc.*, 818 F.Supp.2d 1177, 1189 (C.D. Cal. 2011) (describing the significance of the monograph framework and distinguishing claims governed by a monograph from those that are not).

A Court finding of liability would prohibit Defendants' use of certain terms in its labeling. *See Eckler*, 238 Cal.App.4th at 457 ("The touchstone of preemption under § 379r is the *effect* that a finding of liability" as to Defendants on plaintiffs' claims "would have on a manufacturer."). Thus, a Court ruling in Plaintiffs' favor would create a labeling requirement that is different from, in addition to, or not identical with an applicable monograph. *See Faustino*, 2015 WL 12839161, at *2 (finding that by relying on the general false and misleading provision, plaintiffs' claim "necessarily alleges deficient warnings that violate requirement different from or adding to the FDA regulations").

To prohibit Defendants' use of certain terms (*i.e.* rebuilds and restores) based on Plaintiffs' claims here would mean that private litigants and judges are deciding what is false or misleading. *See Eckler*, 238 Cal. App. 4th at 454. Such a ruling under California law would be "inconsistent with the federal objective of national uniformity" governing the Products and is therefore preempted. *Id.* at 455.

Given the above, the Court finds that the state claims are preempted, and therefore there are no remaining claims.

**B. Leave to Amend Would Be Futile.**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Court can grant Plaintiffs an opportunity to amend the complaint if amendment would not be futile, cause undue delay, or unduly prejudice to Defendants. *See Leadsinger*, 512 F.3d at 532 (stating standard for court granting leave to amend).

Here, Plaintiffs took the position that there are no facts that Plaintiffs said they can add to their complaint to show the claims are not preempted. The Court agrees, especially given the existence of the monograph and the FDA warning letters. Plaintiffs focused on the monograph and how Defendants violated the monograph by its labeling. But that response does not answer the Court's question about preemption.

Plaintiffs' strongest arguments relate to consumers not knowing about remineralization. It is also possible that a portion of consumers have not had the opportunity to consult a dental hygienist or dentist. But those points do not affect the Court's analysis regarding whether the state claims are preempted, and whether amendment would be futile.

Importantly, it is the Court's understanding that Plaintiffs take the position that there are no facts that can be added to the complaint to defeat Defendants' preemption argument.

Given the above, the Court finds that leave to amend would be futile.

## IV. CONCLUSION

For the reasons stated above, the Court takes judicial notice of the three FDA Warning Letters. The Court **GRANTS** Defendants' Motion to Dismiss **with prejudice** as to the following claims:

(1) Violation of the CLRA, Cal. Civ. Code §§1750 *et seq* ("CLRA");

(2) False Advertising, Business and Professions Code § 17500 *et seq*;

(3) Fraud, Deceit and/or Misrepresentation;

(4) Unlawful, unfair, and fraudulent trade practices in violation of Cal. Bus. & Prof. Code § 1200 *et seq*.; and

(5) Unjust Enrichment.

Given the foregoing, there are no claims remaining. This Order resolves ECF 13.

IT IS SO ORDERED.

Dated: November 29, 2024

TRINA L. THOMPSON
United States District Judge